IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3089 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| STEVEN J. GRAY, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant has moved to suppress evidence of cocaine found during a vehicle search conducted on January 26, 2006. Filing No. 19. The defendant claims the vehicle search was unlawful under the Court's decision in Arizona v. Gant, 129 S.Ct. 1710 (2009). The government's responsive brief raised collateral estoppel and good faith defenses, and the defendant has now briefed those issues.

In support of its collateral estoppel argument, the government states that Nebraska state court proceedings charged the defendant with possessing the cocaine found in his vehicle on January 26, 2006; the defendant did not move to suppress the evidence found during the search; and the defendant pleaded no contest, was convicted, and was sentenced to 90 days in jail.

Assuming the facts advanced by the government are true, collateral estoppel does not bar the defendant from litigating the validity of the January 26, 2006 vehicle search.

> As a general matter, even when issues have been raised, argued, and decided in a prior proceeding, and are therefore preclusive under state law, redetermination of the issues may nevertheless be warranted if there

is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation.

Haring v. Prosise, 462 U.S. 306, 317-318 (1983). The state court charges against Gray were made and resolved before Gant narrowed the parameters of legally permissible searches conducted incident to arrest. Moreover, based on the 90-day sentence imposed, Gray had far less incentive to litigate the validity of the vehicle search in the state proceeding compared to the pending federal case. See e.g., Munz v. Parr, 972 F.2d 971, 973 (8th Cir. 1992)("[A] party may rely on collateral estoppel . . . if the party against whom it is used had a full and fair opportunity and incentive to litigate the issue in the prior action."). Finally, when a defendant has pleaded guilty in a prior proceeding without raising or litigating a motion to suppress, it is impermissible for a court to assume the guilty plea was based on the defendant's determination that he would be unable to prevail on a motion to suppress evidence because a "defendant's decision to plead guilty may have any number of other motivations." Haring, 462 U.S. at 318.

The government also argues that assuming defendant's argument for suppression under Gant is true, defendant's motion to suppress must nonetheless be denied under U.S. V. Leon, 468 U.S. 897, 906 (1984). The record does not include sufficient facts to address the Leon argument at this time. The court has jointly conferred with counsel, and counsel agree that the facts are not in dispute and once those facts are before the court, the motion to suppress raises only an issue of law. In lieu of an evidentiary hearing, counsel have agreed to submit the motion to suppress on stipulated facts. Accordingly,

IT IS ORDERED:

1) The defendant's motion to suppress, (filing no. 19), is not barred by the doctrine of collateral estoppel.

2)     On or before November 20, 2009, counsel for the government and the defendant shall file a joint stipulation of facts for the court's consideration of defendant's motion to suppress, (filing no. 19), and the government's good faith defense to the exclusionary rule. No evidentiary hearing will be held absent a request by one or both parties and good cause shown.

3)     The defendant's motion to suppress, (filing no. 19), shall be deemed fully submitted upon the filing of the parties' stipulated facts.

DATED this 4th day of November, 2009.

                          BY THE COURT:

                          *Richard G. Kopf*
                          United States District Judge